IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JENNIFER O.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:21-cv-00040 |
| | ) |
| KILOLO KIJAKAZI, | ) By: Elizabeth K. Dillon |
| Acting Commissioner, | )     United States District Judge |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jennifer O. brought this action for review of the final decision made by defendant Kilolo Kijakazi, Commissioner of the Social Security Administration ("the Commissioner"), finding her not disabled and therefore ineligible for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401–433. (Compl., Dkt. No. 1.) Both Jennifer and the Commissioner moved for summary judgment. (Dkt. Nos. 14, 16.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this matter to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation ("R&R"). On June 1, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision and recommending that the court grant the Commissioner's motion for summary judgment and deny Jennifer's motion for summary judgment. (R&R, Dkt. No. 19.) Jennifer filed objections on June 15, 2022 (Dkt. No. 20), to which the Commissioner responded on June 21, 2022 (Dkt. No. 21).

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Jennifer's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND[2]

Jennifer filed her claim for disability insurance benefits in June 2018, alleging disability due to narcolepsy, difficulty concentrating and focusing, severe fatigue, severe daytime sleepiness, medication side effects, restless leg syndrome, cramping, depression and anxiety. Her alleged onset date was April 14, 2018. Jennifer was 52 years old on that date and 54 years old on the date of the administrative law judge's (ALJ) decision.

The ALJ found that Jennifer's narcolepsy, thyroid disorder, myalgias, obesity, depression, and anxiety were severe impairments, but that they did not meet or medically equal a listed impairment. The ALJ specifically considered also listing 1.02 (major joint disfunction), listing 11.02 (epilepsy), listing 12.04 (depressive, bipolar, and related disorders), and listing 12.6 (anxiety and obsessive-compulsive disorders), as well as her obesity. With respect to her mental impairments, the ALJ found that Jennifer had mild limitations in understanding, remembering, or applying information, interacting with others, and adapting or managing herself, and moderate limitations in concentrating, persisting, or maintaining pace.

The ALJ concluded that Jennifer had the residual functional capacity (RFC) to perform a limited range of medium work. Specifically, the ALJ set out that Jennifer cannot have exposure to hazards, unprotected heights, or driving, cannot perform "production rate" or "pace" work,

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 5–7.)

cannot perform jobs with repetitive "same tasking" all shift, and that, because of her narcolepsy, Jennifer's work should start at a later time, "such as 9-10 in the morning, or be shift work."

Based on this RFC, the ALJ found that Jennifer could not perform her past relevant work as a human resources assistant, but that she could perform jobs that exist in significant numbers in the national economy, such as laundry sorter, ticket taker, and brewery worker. Thus, Jennifer was not disabled. She appealed, and the Appeals Council denied her request for review on December 18, 2020.

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing 42 U.S.C. § 405(g)). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*,

447 U.S. 667, 680 (1980) (finding that de novo review of the magistrate judge's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs., Inc.*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Objections to the R&R**

In her summary judgment brief, Jennifer argued that the ALJ's assessment of her physical limitations, mental impairments, and subjective allegations were inadequately explained and not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. Summ. J., Dkt. No. 15.) Jennifer's objection to the R&R largely repeats the same arguments as were made in her summary judgment brief. (*See* Pl.'s Obj.) "As the court has stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly

4

addressed by the magistrate judge . . . . Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge." *Courtney T. v. Kijakazi*, Civil Action No. 7:21-cv-00024, 2022 WL 885767, at *2 (W.D. Va. Mar. 25, 2022). The court will, however, address the following.

With respect to her physical limitations, Jennifer argued that the magistrate judge erred in finding that the ALJ adequately explained why he did not adopt Dr. Pella's opinions that she is limited to light work. (Pl.'s Obj. 2.) However, as the R&R discussed, the ALJ specifically explained the reasoning behind his view that the record evidence did not support Dr. Pella's rationale for assessing Jennifer as limited to light work. (R&R 8–9.) The ALJ was persuaded by the observations of the state agency doctors that Jennifer had no exertional or postural limitations and noted that Dr. Pella did not point to objective medical evidence to support his assessment. (*Id.* 9.)

Jennifer also argued that the magistrate judge erred in finding that the ALJ never concluded that her narcolepsy improved with medication by April 2019. (Pl.'s Obj. 2.) She claimed that it was "clear from the ALJ's decision that he found [her] narcolepsy improved with the use of Xyrem and that [her] refusal to resume Xyrem due to the negative side effects of leg symptoms and nighttime hunger were not justified . . . ." (*Id.*) Not only did the ALJ never make the conclusion Jennifer posits, but the ALJ also explicitly took note of record evidence indicating that the narcolepsy had not entirely improved. As the magistrate judge recounted from the decision, Jennifer (1) "reported *some* improvement with her medication" (R&R 2 (emphasis added)), citing to records from October 2018 and July 2020; (2) reported in October 2019 that her narcolepsy fluctuated; (3) reported to Dr. Elechi that Xyrem caused odd leg symptoms and Adderall was less effective; (4) indicated that she was still experiencing daytime sleepiness in

5

April and July 2020, although she reported partial relief of her symptoms by July 2020; (5) only saw her neurologist two to three times a year after her alleged onset date; and (6) had worked for years with her daytime fatigue and sleepiness. (*Id.* (citing Tr. 26–26).) Indeed, the ALJ found narcolepsy to be a severe impairment and acknowledged the medical records that Jennifer alleges were ignored.

### III.  CONCLUSION AND ORDER

After a review of Jennifer's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 19) is ADOPTED;
2. Jennifer's objections (Dkt. No. 20) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 16) is GRANTED;
4. Jennifer's motion for summary judgment (Dkt. No. 14) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: September 30, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge